THOMAS B. KENNEDY, Executor of ZILPHIA J. COX, v. FIRST NATIONAL BANK OF WILSON.

*Bank Stock—Dividends—Surrender of Life Interest—Transfer of Certificate.*

Where one to whom the use and enjoyment of certain shares of bank stock were given during her life or widowhood, after which the stock was to go to her daughter, assented to the transfer of the stock to her said daughter, she thereby assented to the payment of the dividends to the assignee, and ceased, so far as the bank was concerned, to have any claim upon the stock.

CIVIL ACTION, tried before *Boykin, J.,* at August Term 1894, of GREENE Superior Court, upon exceptions to Referee's report.

The facts, as found by the referee (and corrected by his Honor, upon exceptions to the findings of the referee), are as follows:

" 1. That S. P. Cox died in the month of August, 1882, leaving a last will and testament, which has been duly admitted to probate.

" 2. That by the terms of the will of S. P. Cox, ten (10) shares of the capital stock of the defendant bank were bequeathed to Willie P. Cox, Charles P. Farmer and Obedience C. Darden, " in special trust and confidence that they will allow my wife Zilphia J. Cox the use and enjoyment of the same during her life or widowhood; and after her death or marriage of my wife, then the said trustees will hold the remainder for the use and enjoyment of my daughter Francis E. Williams, and after the death of the said Francis E. Williams, if she leaves no living heir to the age of twenty-one years, then the remainder to my living children, if any; if no living children, then to my grandchildren."

" 3. That after the death of said S. P. Cox the executors of his said will collected one dividend declared on said stock

about January 1, 1883, and divided and paid over the same to said Zilphia J. Cox and Francis E. Williams.

"4. That on the 21st day of February, 1883, the said Zilphia J. Cox, and Fannie E. Williams executed and delivered to said executors a receipt and discharge for the certificate for said ten shares of stock, and at the same time the said executors endorsed, transferred and delivered said certificate to said Francis E. Williams, in the presence and with the consent of said Zilphia J. Cox, said certificate to be held by Zilphia J. Cox and Francis E. Williams, on the conditions prescribed in Item 1 of the will of S. P. Cox, according to their respective rights under the same.

"5. That on said 21st day of February, 1883, the said Francis E. Williams delivered said certificate of stock for safe-keeping to said Zilphia J. Cox, and the dividends on said stock were paid to said Francis E. Williams alone, until she sold the same to the defendant F. W. Barnes.

6. " That about two years after said certificate was so delivered by said Francis E. Williams to said Zilphia J. Cox, H. G. Williams, the husband of said Francis, demanded of said Zilphia J. Cox the delivery to him, for said Francis, of said certificate, which demand was refused.

"7. That shortly thereafter C. P. Farmer, one of the executors of the will of said S. P. Cox, demanded of said Zilphia J. Cox, in behalf of said Francis E. Williams, the possession of said certificate, which was thereupon delivered to him, and he forthwith delivered the same to said Francis E. Williams.

"8. That on the 15th day of March, 1884, the said Francis E. Williams and her husband H. G. Williams endorsed and delivered said certificate to the defendant bank, and took in exchange therefor, in the name of said Francis E. Williams, two certificates, each for five shares of the capital stock of said bank. That at the time of such delivering of said certificate and issuing of the two certificates aforesaid, the

defendant bank had no notice of any claim of a life interest of said Zilphia J. Cox in said first named certificate. The said endorsement and delivery of said certificate, and the issuing of two new ones, was done without the knowledge or consent of the said Zilphia J. Cox.

"9. At the time of the surrender of the said ten shares of stock to the defendant bank, and the issuance of the two certificates of five shares each to Francis E. Williams, the said bank had notice of the contents of the will of said S. P. Cox.

"10. That the said Zilphia J. Cox died in July, 1892, leaving a last will in which the plaintiff was named executor."

Upon the foregoing facts the referee found as conclusions of law—

"1. That the demurrer of the defendant F. W. Barnes, for the reasons therein stated, be sustained.

"2. That the plaintiffs take nothing by this action; that the defendants recover of the plaintiff and his surety the costs of this action."

The plaintiff excepted to the conclusions of law. His Honor overruled the exceptions and allowed a *nol. pros.* to be entered as to the defendant Barnes, whereupon plaintiff appealed.

*Mr. Geo. M. Lindsay,* for plaintiff (appellant).
No counsel, *contra.*

PER CURIAM: By the terms of the will of S. P. Cox the dividends on the shares of stock of the defendant bank were given to his widow during her life or widowhood. The certificate represented this stock, when she, who was entitled to the dividends thereon, consented that this certificate should be transferred to her who was to have it in the event of her death or marriage. She thereby assented, as it seems to us, to

115—15

the bank's paying the dividends accruing on said stock to the assignee.  After such assignment was made with her assent, she ceased, so far as the bank was concerned, to have any claim upon it.

No Error.